**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**MARION A. MITCHELL**                                                            **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO. 1:09-CV-299-SA-JAD**

**OKOLONA SCHOOL DISTRICT**                                      **DEFENDANT**

**MEMORANDUM OPINION**

For the reasons stated below, the Court grants Defendant's Motion to Dismiss [12]. This case is dismissed without prejudice.

**I. BACKGROUND**

Plaintiff, an African-American woman, was hired as superintendent of the Okolona School District on or about July 1, 2008. She alleges that the school board terminated her employment because she offended them by hiring white people for positions, rather than less-qualified African-Americans. On December 14, 2009, Plaintiff filed her Complaint, which includes state law causes of action for breach of contract and intentional infliction of emotional distress. The Complaint also alludes to Title VII and Section 1981. On June 1, 2010, Defendant filed its Motion to Dismiss pursuant to Rule 12(b)(6). Plaintiff failed to respond within the time allotted by the local rules. Accordingly, the motion is ripe for review.

**II. 12(b)(6) STANDARD**

"The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed to be true and are viewed in the light most favorable to the plaintiff." Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)). "The

court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." Id. (citing Ashcroft v. Iqbal, 556 U.S. —, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Sullivan v. Leor Energy LLC, 600 F.3d 542, 546 (5th Cir. 2010). While a plaintiff's complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." Id. (quoting Bell Atl Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)) (punctuation omitted). There is no formulaic approach to determining whether a plaintiff has stated a plausible claim for relief. Rather, it is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft, 556 U.S. —, 129 S. Ct. at 1950.

### III. TITLE VII

A plaintiff must exhaust her administrative remedies before filing a Title VII suit in federal court. Taylor v. Books A Million, Inc., 296 F.3d 376, 378-79 (5th Cir. 2002). Exhaustion occurs when a plaintiff files a timely charge of discrimination with the EEOC and receives statutory notice of the right to sue. Id. at 379. Plaintiff's Complaint does not contain any factual allegation that she filed a timely charge of discrimination with the EEOC and received statutory notice of the right to sue. Therefore, she has not stated a plausible claim for relief under Title VII.

### IV. SECTION 1981

Section 1981 prohibits racial discrimination in both public and private employment. Mitchell v. Crescent River Port Pilots Ass'n, 265 F. App'x 363, 368-69 (5th Cir. 2008). However, Section

1981 "does not afford a remedy for violation of rights guaranteed thereunder when such claim is pursued against a governmental entity." Washington v. City of Gulfport, 351 F. App'x 916, 919 (5th Cir. 2009) (citing Oden v. Oktibbeha County, Miss., 246 F.3d 458, 463 (5th Cir. 2001)). Section 1981's "prohibitions against a private actor's racial discrimination are properly asserted against a state actor under 42 U.S.C. § 1983." King v. Louisiana, 294 F. App'x 77, 82 n. 4 (5th Cir. 2008); see also Myers v. La Porte Indep. Sch. Dist., 277 F. App'x 333, 335 (5th Cir. 2007).

Plaintiff's complaint contains no reference to 42 U.S.C. § 1983. "[R]equiring § 1981 claims to be pursued through § 1983 is not a mere pleading formality." Felton v. Polles, 315 F.3d 470, 482 (5th Cir. 2002). "The express 'action at law' provided by § 1983 for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws,' provides the *exclusive* federal damages remedy for the violation of the rights guaranteed by § 1981 *when the claim is pressed against a state actor*." Id. at 481. Therefore, as Plaintiff failed to invoke the only remedy available to her for the alleged deprivation of her Section 1981 rights by Defendant, she has failed to state a claim for which relief may be granted. Id. at 482; see also Oden, 246 F.3d at 463-64 (plaintiff could not maintain an independent cause of action under Section 1981 against the state).

## V. STATE LAW CLAIMS

A district court may decline to exercise supplemental jurisdiction over state law claims if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

## VI. CONCLUSION

For the reasons stated above, the Court grants Defendant's Motion to Dismiss [12]. This case is dismissed without prejudice. An order consistent with this opinion shall be entered on this,

the 27th day of August, 2010.

                                                      **/s/ Sharion Aycock**
                                                      **UNITED STATES DISTRICT JUDGE**